UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE THOMAS,

                    Petitioner,                    Case No. 14-13492
                                                              HON. TERRENCE G. BERG

v.

DUNCAN MacLAREN,

                    Respondent.

_____/

**ORDER DENYING PETITIONER'S
MOTION TO STAY PROCEEDINGS (DKT. 6)**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Lonnie Thomas ("Petitioner") was convicted in the Wayne Circuit Court of first-degree criminal sexual conduct. (Dkt. 1, p. 1.) Petitioner's habeas application raises three claims: (1) the trial court erroneously prevented defense counsel from questioning potential jurors during the jury selection process; (2) the prosecutor committed misconduct; and (3) Petitioner's convictions are against the great weight of the evidence. (*Id.* at 2*.)* The matter is before the Court on Petitioner's motion to stay his habeas proceeding so that he may exhaust an additional claim in the state courts. (Dkt. 6.) For the reasons stated below, the Court will DENY Petitioner's motion.

**I. FACTUAL BACKGROUND**

      Following Petitioner's conviction, he filed an application for leave to appeal in

the Michigan Court of Appeals, raising his current habeas claims. (Dkt. 1, p. 2.)  On May 16, 2013, the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Thomas*, No. 309339 (Mich. Ct. App. May 16, 2013). On December 23, 2013, the Michigan Supreme Court denied Petitioner's application because it was not persuaded that the questions presented should be reviewed. *People v. Thomas*, No. 147638 (Mich. Dec. 23, 2013). For statute-of-limitations purposes, his conviction became final 90 days later, when the time for filing a petition for writ of certiorari expired, on or about March 23, 2014. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). His current petition was filed on September 9, 2014. (Dkt. 1.)

Petitioner states that he intends to file a motion for relief from judgment in the trial court raising a claim of ineffective assistance of counsel. (Dkt. 6, p. 2.) Petitioner's motion states that he wants his habeas petition to be stayed and held in abeyance pending exhaustion of his state court remedies with respect to his new claim. (*Id.*)

## II. OPINION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state

courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay because the one-year statute of limitations applicable to federal habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d). The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal. *See Jimenez*, 555 U.S. at 120 (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *see also Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on December 23, 2013, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on or about March 23, 2014. The instant habeas petition was filed on September 9, 2014, less than six months after the limitations period began running.

Given that Petitioner still has approximately six months remaining on the limitations period, which will be tolled by a properly-filed petition for state post-conviction review under 28 U.S.C. § 2244(d)(2), Petitioner has sufficient time to return to federal court should he wish to do so after he exhausts his additional claim. Given such circumstances, a stay is unnecessary and unwarranted.

## III. ORDER

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings.

Should Petitioner wish to have the Court dismiss without prejudice the present petition so that he may exhaust his additional issues in the state courts and then have them considered here, he must move for a non-prejudicial dismissal of his habeas petition within thirty (30) days of the filing date of this order. If he does not

do so, the Court shall proceed on the claims contained in the pending petition.

**SO ORDERED.**

Dated: January 20, 2015

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on January 20, 2015, using the CM/ECF system; a copy of this Order was also mailed to the Kinross Correctional Facility, 16770 South Watertower Drive, Kincheloe, MI 49788, directed to Plaintiff's attention.

s/A. Chubb
Case Manager
